# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TAMMI ROBERSON,

     **Plaintiff,**

   **v.**          **Case No. 26-CV-334**

ARAMARK and
MATT HUBACHER,

     **Defendants.**

---

# ORDER

---

Currently pending before the court is plaintiff Tammi Roberson's first amended complaint. (ECF No. 6.) The court screened Roberson's original complaint on March 12, 2026, and ordered her to address certain deficiencies that prevented her from stating a claim to relief. (ECF No. 5.) The court must now review her amended complaint and determine whether it is sufficient to proceed under 28 U.S.C. § 1915.

## 1. Legal Standards

The court will briefly restate the relevant standards that it laid out in its first order screening Roberson's case. (*See* ECF No. 5.)

The court must determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Only the second question remains at issue.

In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted). If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## 2. Factual Allegations

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations in Roberson's amended complaint. Roberson states that she was employed by Aramark to work in the kitchen at Brown Deer Middle/High School. (ECF No. 6 at 1, 4.) She was fired without explanation but claims that defamation and discrimination were key factors. (*Id.* at 4.)

2

Roberson claims that she and her wife (who also worked in the kitchen) were harassed, discriminated against, attacked, and stalked with retaliatory intent. (ECF No. 6 at 2.) She also references hearsay, accusations, gossip, and stalking. (*Id.* at 4.) Roberson states that she and her wife were written up for frivolous issues, such as being off the premises during lunch, although the whole staff was off premises during lunch. (*Id.* at 3.) She also states that her supervisor asked an assistant cook whether she (Roberson) was going to be locked up and recounts that her mailbox was vandalized after she filed for unemployment. (*Id.*)

Roberson does not otherwise identify who engaged in the allegedly discriminatory actions, what they entailed, or when they occurred. (*Id.* at 1–4.) She states that her termination came immediately following her wife's confrontation of two other individuals who worked with them in the kitchen. (*See id.* at 1–2.)

Roberson states that she filed a sexual harassment complaint against a paraprofessional at the high school named "Mr. B." prior to her termination. (ECF No. 6 at 2.) She has not named "Mr. B" or the school as a defendant in this action.

Roberson explains that Matt Hubacher's name was brought up when she applied for unemployment and for relief from the Equal Employment Opportunity Commission (EEOC), so she assumed he worked in Human Resources for Aramark. (ECF No. 6 at 1.) It is unclear whether Roberson still wishes to name him as defendant in this action, as she does not specifically allege that he participated in any wrongdoing. (*See generally id.*)

3

### 3. Analysis

The court instructed Roberson in its first screening order that she must file an amended complaint that is complete in itself, meaning that the amended complaint must fully state her allegations and request for relief without reference to her original complaint. Roberson failed to do so and attempted to clarify the original complaint instead. Even overlooking the lack of completeness, Roberson has once again failed to state a claim upon which relief can be granted.

The Seventh Circuit Court of Appeals has explained that the pleading requirement for Title VII employment discrimination claims is low: "To survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing*, 23 F.4th 774, 777 (7th Cir. 2022). Even construing Roberson's complaint liberally, as the court is required to do for a pro se plaintiff, she cannot state a claim under Title VII because she does not allege that her termination or any discriminatory conduct occurred because of a protected characteristic.

Roberson's original complaint also included a checked box for disability discrimination, but Roberson again does not allege that she is a qualified person with a disability under the Americans with Disabilities Act. Thus, she has not alleged anything that creates a plausible inference that anyone treated her differently because of a characteristic protected by either Title VII or the ADA.

The court will allow Roberson to file a second amended complaint if she wishes to proceed with this action. If she files a second amended complaint, it will replace the prior complaints and must be complete without reference to them. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

**4. Conclusion**

**IT IS THEREFORE ORDERED** that Roberson must file a second amended complaint with the court no later than **April 27, 2026. <u>If Roberson fails to do so, the court will recommend that her complaint and this action be dismissed.</u>**

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Roberson should also retain a personal copy of each document.

Roberson is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

5

In addition, Roberson must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2026.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge