# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TAMMI ROBERSON,

        Plaintiff,

        v.                              Case No. 26-CV-334

ARAMARK,

        Defendant.

---

## RECOMMENDATION AND ORDER

---

On February 27, 2026, Tammi Roberson filed a pro se complaint alleging discrimination by her former employer, defendant Aramark. (ECF No. 1.) Upon screening, the court determined that she failed to state a claim on which relief could be granted but allowed her to file an amended complaint if she wished to proceed with her lawsuit. (ECF No. 4.) Roberson then filed a letter clarifying the complaint (ECF No. 6), which the court screened and determined also failed to state a claim (ECF No. 7). However, the court again offered Roberson an opportunity to amend her complaint. Roberson filed what is effectively her second amended complaint on April 15, 2026. (ECF No. 8.)

The court will now screen Roberson's second amended complaint (ECF No. 8) to determine if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## 1. Factual Allegations

Roberson states that she worked in food services for Aramark at Brown Deer Middle/High School. (ECF No. 8 at 2.) On or about May 9, 2025, the director of food services, Tate Flom, sent her home after her wife engaged in a verbal confrontation with two co-workers in the kitchen. (*Id.*) About one to two weeks later Roberson received a text message from Flom indicating that her employment was terminated with no stated reason. (*Id.* at 2–3.)

Roberson filed for unemployment and was granted benefits "due to the fact he (Aramark) had no good reason to fire [her]." (ECF No. 8 at 3.) She states that she "can't assume anything other the fact known I was fired with no good reason." (*Id.*) Her original complaint referenced a potential claim under the Americans with Disabilities Act. (*See* ECF No. 1 at 4.) Roberson states in her second amended complaint that she does not "have an ADA." (ECF No. 8 at 3.)

## 2. Analysis

The Seventh Circuit Court of Appeals has explained that the pleading requirement for Title VII employment discrimination claims is low: "To survive screening or a motion

to dismiss, a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing*, 23 F.4th 774, 777 (7th Cir. 2022). Even construing Roberson's complaint liberally, as the court is required to do for a pro se plaintiff, she cannot state a claim under Title VII because she does not allege that her termination or any discriminatory conduct occurred *because* of a protected characteristic.

After two amendments, Roberson's complaint is still missing key details about how her termination could have been wrongful. Because she has not alleged anything creating a plausible inference that anyone treated her differently on account of a protected characteristic, the court will recommend that this action be dismissed.

## 3. Conclusion

Roberson has failed to state a claim upon which relief can be granted in the district court. Because not all parties have had the opportunity to consent to the jurisdiction of a magistrate judge, the Clerk of Court will randomly assign the case to a district judge for consideration of this court's recommendation that the action be dismissed. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority").

**IT IS THEREFORE RECOMMENDED** that Roberson's second amended complaint and this action be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 16th day of April, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge